UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LYNDA CANEVA,

                            Plaintiff,

- against -

WILMINGTON TRUST NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST SERIES 2007-3; CITIBANK, N.A. AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3; BNC MORTGAGE, INC., A DELAWARE CORPORATION; MORTGAGE ELECTRONIC RECORDING SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; CHASE HOME FINANCE LLC; and "JOHN DOE" 1-5, the last five names being fictitious, said parties intended being undisclosed, unnamed and unknown investors, participants, corporate or other entities, conduits, trustees, servicers, custodians and others, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                            Defendants.
------------------------------------------------------------------X

Case No.: 16-cv-02688 (CS)

**DECLARATION OF JOANNA SANDOLO, ESQ. IN SUPPORT
OF PLAINTIFF LYNDA CANEVA'S MOTION FOR AN
AWARD OF SUMMARY JUDGMENT**

JOANNA SANDOLO, an attorney duly admitted to practice law before this Court and the Courts of the State of New York, hereby declares as follows:

    1.    I am an attorney with the law firm of Belowich & Walsh LLP, counsel for Plaintiff Lynda Caneva ("Plaintiff") in the above-captioned action. I make this Declaration in support of Plaintiff's motion seeking an Order granting summary judgment in her favor against defendants Wilmington Trust National Association, as successor trustee to BNC Mortgage Loan Trust Series 2007-3 ("Wilmington"), Citibank N.A., as trustee for BNC Mortgage Loan Trust 2007-3,

Mortgage Pass-Through Certificates, Series 2007-3 ("Citibank") and Ocwen Loan Servicing, LLC ("Ocwen", together with Wilmington and Citibank, "Defendants")[1]: (1) declaring that an action to foreclose on a certain mortgage dated April 4, 2007 and recorded in the Westchester County Clerk's Office in Control No. 471230068 on May 10, 2007 (the "April 4, 2007 Mortgage") against certain real property located at 99 Mount Tom Road a/k/a 99 Mt. Tom Road, New Rochelle, New York (the "Property") is barred by the applicable statute of limitations, CPRL § 213(4); (2) cancelling and discharging the time-barred April 4, 2007 Mortgage of record, pursuant to New York RPAPL § 1501(4); and (3) granting Plaintiff such other and further relief as to the Court seems just and proper.

2.  Plaintiff owns and resides in the Property that is the subject of the above-captioned action.  *See* the accompanying Affidavit of Lynda Caneva, dated June 22, 2018 ("Caneva Aff."), at ¶ 2 and Ex. 1.[2]

3.  Plaintiff is the named obligor under a note dated April 4, 2007 (the "April 4, 2007 Note"), payable to BNC Mortgage, Inc. ("BNC") in the principal amount of $850,000.00, and originally secured by the April 4, 2007 Mortgage between Plaintiff and Mortgage Electronic Recording Systems, Inc. ("MERS"), as nominee for BNC.  *See* Caneva Aff., ¶ 3 and Exs. 2 & 3.[3]

---

[1] Mortgage Electronic Recording Systems, Inc. ("MERS"), BNC Mortgage, Inc. ("BNC") and Chase Home Finance LLC ("Chase") were named as defendants in the Complaint filed in this action.  However, Plaintiff's Amended Complaint, filed on October 19, 2016 (Dkt. #65), does not assert any causes of action against MERS, BNC or Chase.  According, this action was discontinued as to those defendants on October 19, 2016.

[2] I hereby certify that I have reviewed the Deed annexed to the Caneva Aff. as Exhibit 1 and compared it to that entered in the Westchester County Clerk's office, and that Exhibit 1 is a true and complete copy thereof.

[3] Exhibits 1 to 11 referenced herein are annexed to the Caneva Aff.

4.      Upon information and belief, on or about April 5, 2010, the 2007 Note and Mortgage were allegedly assigned by MERS as nominee for BNC to Citibank (the "2010 Assignment").

5.      The April 4, 2007 Note provides, in part, that:

(C) Notice of Default

If [Plaintiff is] in default, the Note Holder may send [Plaintiff] a written notice telling [Plaintiff] that if [she does] not pay the overdue amount by a certain date, the Note Holder may require [Plaintiff] to pay immediately the full amount of the Principal that has not been paid and all of the interest that [Plaintiff owes] on that amount.  That date must be at least 30 days after the date on which the notice is mailed to [Plaintiff] or delivered by other means.

*See* Ex. 2, at § 7(C).

6.      There is no provision in the April 4, 2007 Note permitting the lender to unilaterally decelerate or reinstate the underlying indebtedness.  *See* Ex. 2, *passim*.

7.      Likewise, the April 4, 2007 Mortgage provides, in part, that:

22.  Lender's Rights if Borrower Fails to Keep Promises and Agreements.  Except as provided in Section 18 of this Security Instrument, if all conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that [Plaintiff] pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument.  Lender may do this without making any further demand for payment.  This requirement is called "Immediate Payment in Full."

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of [Plaintiff's] remaining rights in the Property and have the Property sold.  At this sale the Lender or another Person may acquire the Property.  This is known as "Foreclosure and Sale."  In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add reasonable attorneys' fees to the amount [Plaintiff] owe[s] Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under this Section 22 only if all of the following conditions are met:

(a) [Plaintiff] fail[s] to keep any promise made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums

>   > Secured when due, or if another default occurs under this Security Instrument;
>
> (b) Lender sends to [Plaintiff], in the manner described in Section 15 of this Security Instrument, a notice that states:
>
>   > (1) The promise or agreement that [Plaintiff] failed to keep or the default that has occurred;
>   >
>   > (2) The action that [Plaintiff] must take to correct that default;
>   >
>   > (3) A date by which [Plaintiff] must correct that default. That date will be at least 30 days from the date on which the notice is given;
>   >
>   > (4) That if [Plaintiff does] not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another person may acquire the Property by means of a Foreclosure and Sale;
>   >
>   > (5) That if [Plaintiff] meet[s] the conditions stated in Section 19 of this Security Instrument, [Plaintiff] will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and
>   >
>   > (6) That [Plaintiff has] the right in any lawsuit for Foreclosure and Sale to argue that [Plaintiff] did keep [her] promises and agreements under the Note and under this Security Instrument, and to present any other defenses that [Plaintiff] may have; and
>
> (c) [Plaintiff] do[es] not correct the default stated in the notice from the Lender by the date stated in that notice.

*See* Ex. 3, at § 22.

8. There is no provision in the April 4, 2007 Mortgage permitting the lender to unilaterally decelerate or reinstate the underlying indebtedness once accelerated. *See* Ex. 3, *passim*.

9. On or about April 8, 2010, a foreclosure action was commenced by Citibank against Plaintiff by the filing of a summons and complaint, dated April 7, 2010, and filed in the Supreme Court of the State of New York, County of Westchester, bearing Index No. 9556/2010 (the "2010 Foreclosure Action") seeking to foreclose on the April 4, 2007 Mortgage. *See* Ex. 4.

10. By commencing the 2010 Foreclosure Action, Citibank elected to accelerate the indebtedness underlying the April 4, 2007 Mortgage, meaning that the entire outstanding amount under the April 4, 2007 Note and April 4, 2007 Mortgage was due, and the Plaintiff was no longer entitled to make monthly installment payments. *See* S.M.F., at ¶ 9 and Exs. 2, 3 and 10.

11. In reliance on Citibank's election to accelerate the indebtedness underlying the April 4, 2007 Mortgage, Plaintiff has not made any installment payments since approximately September of 2009. *See* Caneva Aff., ¶ 10.

12. By Notice of Motion, dated July 9, 2014, Citibank moved for summary judgment against Plaintiff in the 2010 Foreclosure Action. *See* Ex. 5.

13. By Decision and Order, dated March 30, 2015, the Honorable Sam D. Walker, J.S.C., denied Citibank's motion for summary judgment, finding that Citibank failed to establish that it had served Plaintiff with a Notice of Default and Notice pursuant to RPAPL § 1304, conditions precedent to a mortgage foreclosure action. *See* Ex. 6.

14. Prompted by the state court's determination that Citibank had failed to establish conditions precedent to a foreclosure action, by Notice of Motion, dated June 24, 2015, Citibank moved, *inter alia*, to discontinue the 2010 Foreclosure Action, without prejudice. *See* S.M.F., at ¶ 13 and Ex. 7. Critically, in its motion papers, Citibank did not inform the state court of any intention to revoke, rescind or nullify its prior acceleration of the underlying loan. To the contrary, Citibank asserted that it sought a discontinuance solely to cure the defects of the 2010 Foreclosure action, and intended to proceed with another foreclosure action based upon the same accelerated debt. *See* Ex. 7.

15. Specifically, Citibank asserted that:

[Citibank] seeks to discontinue this action without prejudice and cancel the Notice of Pendency because [Citibank] is unable to proceed with its foreclosure action.

5

> This Court has found that the proof submitted by [Citibank] regarding its Notice of Default and 90-day Pre-Foreclosure Notices send to the Defendants, to be insufficient. [Citibank], at this time, is unable to obtain additional proof from the individuals that sent such notices to the Defendants that would further support [Citibank's] position that it took all necessary steps to foreclose on the Mortgage. Accordingly, [**Citibank] requests that this action be discontinued without prejudice in order for [Citibank] to recommence this action once a new Notice of Default and 90-day Pre-Foreclosure Notice is sent to the Defendant**.

Ex. 7, at ¶ 24 (emphasis added).

16. By Decision and Order, dated December 21, 2015, and entered in the office of the Westchester County Clerk on December 23, 2015, the Honorable Sam D. Walker, J.S.C., granted Citibank's motion to discontinue the 2010 Foreclosure Action, without prejudice. *See* Ex. 8.

17. In granting Citibank's motion, the state court recognized that Citibank "has plainly stated that the reason it is seeking a discontinuance is that despite its best efforts, it has been unable to obtain additional proof to establish service of the notice of default and 90-day notice. Therefore, [Citibank] **seeks to discontinue the action and resend the notices**." *See* Ex. 8, at p. 4 (emphasis added).

18. Notably, neither Citibank's moving papers nor the state court's decision make any mention of revoking, rescinding or nullifying Citibank's acceleration of the indebtedness underlying the April 4, 2007 Mortgage. Rather, they make clear that it was Citibank's intention to proceed with a new foreclosure action on the same accelerated debt. *See* Exs. 7 and 8.

19. Plaintiff has never entered into any settlement with any of the Defendants reinstating the loan, nor was any trial modification attempted and payments made and accepted thereunder. *See* Caneva Aff., ¶ 17.

20. Plaintiff has never stated or offered to reinstate the loan, and no payments were made or accepted subsequent to the acceleration of the indebtedness underlying the April 4, 2007

Mortgage. Indeed, Plaintiff has not paid any installment payments due under the April 4, 2007 Mortgage, or otherwise, since approximately September 2009. *See* Caneva Aff., ¶ 18.

21. After discontinuance of the 2010 Foreclosure Action, on or about December 29, 2015, Ocwen sent Plaintiff an account statement (the "December 29, 2015 Statement") indicating, *inter alia*, an amount then due under the April 4, 2007 Mortgage of $1,514,817.23. *See* Ex. 9.

22. As an "Explanation of Amount Due" the December 29, 2015 Statement provides:

| | |
|---|---|
| Principal | $844,641.40 |
| Interest | $490,591.97 |
| Escrow Advance | $172,570.91 |
| Past Due Fees/Other Charges | $8,091.41 |
| Unapplied Funds** | -$1,078.46 |
| Total Amount Due | $1,514,817.23 |
| *Alternative Payment – Reinstatement* | |
| Reinstatement Amount (as of 12/29/15) | $690,694.46 |

*See id.*, at p.1.

23. The December 29, 2015 Statement further confirms that, **"Your loan has been accelerated** (the past due balance, all fees, and your remaining principal balance is now due in full." *Id*. (emphasis added).

24. Defendants never sent Plaintiff any letter or other communication specifically stating that any previous acceleration of her loan is revoked, rescinded or withdrawn. *See* Caneva Aff., ¶ 22.

25. Based upon the unclear and equivocal communications to me concerning the indebtedness underlying the April 4, 2007 Mortgage following the discontinuance of the 2010 Foreclosure Action, Plaintiff could not even say one way or another whether the amount that Defendants claimed to be due from her was more or less than $1 million. *See* Caneva Aff., ¶ 23 and Ex. 20. Indeed, they are irreconcilable. *See* Exs. 9 and 10.

26.     On or about January 11, 2016 Ocwen sent Plaintiff a Notice of Default of the April 4, 2007 Mortgage.  *See* Ex. 11.

27.     May 24, 2016 Defendant Wilmington, allegedly as successor in interest to Citibank, commenced a second foreclosure action against Plaintiff entitled *Wilmington Trust National Association, as Successor Trustee to Citibank, N.A., as Trustee for BNC Mortgage Loan Trust Series 2007-3, Mortgage Pass-Through Certificates, Series 2007-3 v. Lynda Caneva*, Westchester County Index Number 57319/2016 (the "2016 Foreclosure Action").  A true and correct copy of the Summons and Complaint in the 2016 Foreclosure Action is annexed hereto as Exhibit 12.[4]

28.     By Notice of Motion dated July 11, 2016, Plaintiff moved, pursuant to CPLR § 3211(a)(8) to dismiss the 2016 Foreclosure Action for lack of personal jurisdiction due to defective service of process.  A true and correct copy of Plaintiff's Notice of Motion to Dismiss Complaint is annexed hereto as Exhibit 13.

29.     By Decision and Order dated November 7, 2016 and entered in the Office of the Westchester County Clerk on November 15, 2016 (the "November 7, 2016 Order"), the Honorable Linda S. Jamieson, J.S.C., ordered that Plaintiff (defendant therein) had alleged sufficient facts to warrant a traverse hearing.  A true and correct copy of the November 7, 2016 Order is annexed hereto as Exhibit 14.

30.     On or about February 16, 2017, the parties to the 2016 Foreclosure Action appeared before the Honorable Mary H. Smith, J.S.C., at which time Justice Smith dismissed the 2016 Foreclosure Action for lack of personal jurisdiction.  Justice Smith so-ordered the transcript of the February 16, 2017 proceedings on or about August 25, 2017.  A true and correct copy of the

---

[4] This Court may take judicial notice of all of the documents annexed hereto that were filed in the 2016 Foreclosure Action.  *See*, e.g., *Kramer v. Time Warner Inc*., 937 F.2d 767, 775 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in other courts… not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

transcript of the So-Ordered transcript of the February 16, 2017 proceedings is annexed hereto as Exhibit 15.

31.     The April 4, 2007 Mortgage was accelerated, at the latest, at the latest, on April 8, 2010 when Citibank initiated the 2010 Foreclosure Action.  Accordingly, the six-year statute of limitations expired on or about April 8, 2016.

**Procedural History**

32.     Plaintiff initiated this action on or about April 19, 2016 by filing her Verified Complaint to Quiet Title and for Declaratory Relief (the "Complaint").  A true and correct copy of the Complaint (Dkt. # 4) is annexed hereto Exhibit 16.

33.     On or about May 18, 2016, Defendants Wilmington, Citibank, Mortgage Electronic Recording Systems, Inc. ("MERS") and Owen filed their Answer with Affirmative Defenses.  A true and correct copy of the Answer with Affirmative Defenses (Dkt. #25) is annexed hereto as Exhibit 17.

34.     On October 19, 2016, Plaintiff filed her Amended Verified Complaint to Quiet Title and For Declaratory Relief (the "Amended Complaint).  A true and correct copy of the Amended Complaint (Dkt. #65) is annexed hereto as Exhibit 18.

35.     The Amended Complaint asserts two causes of action against Defendants Wilmington, Citibank, Ocwen and "John Does" 1-5: (1) seeking to void the April 4, 2007 Mortgage as expired under the applicable statute of limitations, CPLR § 213(4); and (2) seeking a ruling that that the six-month "saving" provision of CPLR § 205(a) is unavailable to Defendants. *See* Ex. 18.

36. Defendants MERS, BNC Mortgage, Inc. and Chase Home Finance LLC are not named in the Amended Complaint and thus this action was terminated as against them on October 19, 2016.

37. On or about July 20, 2017, this Court denied Defendants' motion to dismiss the Amended Complaint and issued a Civil Case Management Plan and Scheduling Order. *See* Dkt. ## 82 & 84.

38. On or about June 25, 2018, Defendants served their Answer to the Amended Complaint. A true and correct copy of Defendants' Answer to Amended Complaint is annexed hereto as Exhibit 19.

39. A true and correct copy of relevant excerpts of the transcript of the deposition of Lynda Caneva, taken on November 11, 2016, is annexed hereto as Exhibit 20.

40. Discovery being complete, Plaintiff now moves, pursuant to Fed. R. Civ. P. 56, for an Order granting summary judgment in her favor: (1) declaring that an action to foreclose on the April 4, 2007 Mortgage against the Property is barred by the applicable statute of limitations, CPRL § 213(4); (2) cancelling and discharging the time-barred April 4, 2007 Mortgage of record, pursuant to New York RPAPL § 1501(4); and (3) granting Plaintiff such other and further relief as to the Court seems just and proper. For the reasons set forth in the accompanying Memorandum of Law, Plaintiff respectfully submits that this motion should be granted, in its entirety.

Dated: White Plains, New York
       June 25, 2018

                              BELOWICH & WALSH LLP

                              /s/ Joanna Sandolo
                            Daniel G. Walsh (DW-7777)
                            Joanna Sandolo (JS-9187)
                            140 Grand Street, 8th Floor
                            White Plains, New York 10601
                            (914) 265-6068
                            *Attorneys for Plaintiff Lynda Caneva*

TO:   Daniel Park, Esq.
        Houser & Allison, APC
        Attorneys for Defendants
        60 East 42nd Street, Suite 1148
        New York, New York 10165
        (212) 490-3333