UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LYNDA CANEVA,

                                 Plaintiff,         Civil Action No.
                                                16-cv-02688 (CS)

                       -against-

WILMINGTON TRUST NATIONAL ASSOCIATION,
AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS
TRUSTEE FOR BNC MORTGAGE LOAN TRUST
SERIES 2007-3; CITIBANK, N.A. AS TRUSTEE FOR
BNC MORTGAGE LOAN TRUST 2007-3, MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2007-3;
OCWEN LOAN SERVICING, LLC; AND "JOHN DOE"
1-5, the last five names being fictitious, said parties
intended being undisclosed, unnamed and unknown
investors, participants, corporate or other entities, conduits,
trustees, servicers, custodians and others, if any, having or
claiming an interest in or lien upon the premises described
in the complaint,

                                      Defendants.
------------------------------------------------------------------------X


## **DEFENDANTS' PRETRIAL MEMORANDUM**


On the brief: Kathleen M. Massimo, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

INTRODUCTION ................................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................. 2

ARGUMENT ........................................................................................................... 4

POINT I ................................................................................................................... 4

PLAINTIFF CANNOT MEET HER BURDEN OF PROOF AT TRIAL ................... 4

    A. Plaintiff cannot prove that she has an interest in the Property. ...................... 4

    B. Plaintiff cannot prove anything about the Mortgage. ..................................... 5

    C. Plaintiff cannot prove that the Mortgage was accelerated. ........................... 5

    D. Plaintiff's own lack of standing argument precludes proof of acceleration. ................. 7

    E. Plaintiff cannot prove that the statute of limitation to foreclose the Mortgage has expired ........................................................................................................ 7

POINT II .................................................................................................................. 8

DEFENDANTS WILL PROVE THAT THEY TIMELY AND AFFIRMATIVELY REVOKED ANY ELECTION TO ACCELERATE THE MORTGAGE DEBT ............................. 8

POINT III ................................................................................................................ 9

DEFENDANTS WILL PROVE THAT THEY ARE ENTITLED TO JUDGMENT AS A MATTER OF EQUITY ......................................................................................... 9

CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Campione v. Campione*, 942 F. Supp. 2d 279, 283 (E.D.N.Y. Apr. 20, 2013) ........................... 10

*Clayton Nat'l v. Guldi*, 307 A.D.2d 982 (2d Dep't 2003) ............................................... 6

*Costa v. Deutsche Bank Nat'l Trust Co. for GSR Mortg. Loan Trust 2006-OA1*, 247 F. Supp. 3d
329, 339-40 (S.D.N.Y. Mar. 30, 2017) ...................................................................... 5

*EMC Mortg. Corp. v. Smith*, 18 A.D.3d 602, 603 (2d Dep't 2005) ................................... 6

*EMC Mortg. Corp. v. Suarez*, 49 A.D.3d 592, 593 (2d Dep't 2008)................................... 7

*EMC Mtge Corp. v. Patella*, 279 A.D.2d 604, 605 (2d Dep't 2001)................................ 6, 8

*In re Taylor*, 584 B.R. 590, 594-95 (Bankr. E.D.N.Y. May 4, 2018)............................... 6

*Lavin v. Elmakiss*, 302 A.D.2d 638, 639 (3d Dep't 2003)............................................. 6

*McIntosh v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 4083434, at *4 (S.D.N.Y. July 25, 2016)............ 5

*NMNT Realty Corp. v. Knoxville 2012 Trust*, 151 A.D.3d 1068, 1069-70 (2d Dep't 2017).......... 8

*U.S. Bank Trust, N.A., as Tr. for LSF9 Master Participation Trust v. Adhami*, 2019 WL 486086,
at *6 (E.D.N.Y. Feb. 6, 2019)................................................................................ 8

*Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982-83 (2d Dep't 2012) ......................... 5, 6, 7

*Zinker v. Makler*, 298 A.D.2d 516, 517 (2d Dep't 2002) ............................................. 6

**Statutes**

CPLR § 213(4).................................................................................................. 5

RPAPL § 1304 ................................................................................................. 3

RPAPL § 1501(4) ......................................................................................... 4, 5, 8

**Rules**

Fed. R. Evid. 901 ................................................................................................................ 5, 6

Fed. R. Evid. 902(4).......................................................................................................... 4, 5, 6, 9

## PRELIMINARY STATEMENT

This pretrial memorandum is submitted on behalf of defendants, WILMINGTON TRUST NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST SERIES 2007-3 ("Wilmington Trust, as Successor Trustee"), CITIBANK, N.A. AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3 ("Citibank, as Trustee") and OCWEN LOAN SERVICING, LLC ("Ocwen") (collectively "Defendants"), pursuant to item 3.B.iv. of the Individual Practices of Judge Cathy Seibel.

## INTRODUCTION

Plaintiff LYNDA CANEVA ("Plaintiff"), seeks to discharge her first position mortgage held by Wilmington Trust, as Successor Trustee and serviced by PHH Mortgage Corporation successor by merger to Ocwen.  Plaintiff has the burden of proving the following elements on her case in chief: (1) ownership of real property; (2) the existence of a mortgage encumbering the property; (3) a valid acceleration of the subject mortgage debt; and (4) expiration of the statute of limitations to foreclose the mortgage.  Plaintiff cannot meet her burden of proof at trial.  Plaintiff has not laid the foundation for the introduction of any evidence that can support, let alone prove, any of the elements of a quiet title claim.  Plaintiff cannot make out a *prima facie* case for the quiet title relief sought.  Judgment should be entered for Defendants dismissing the action, with prejudice.

Even assuming, *arguendo*, that Plaintiff can establish a *prima facie* case at trial, Defendants will prove that they timely and affirmatively revoked their election to accelerate the mortgage debt, by moving to discontinue the mortgage foreclosure action on June 24, 2015, well within any applicable statute of limitations.  This, coupled with Defendants' additional post-

1

deceleration proofs, demonstrate that any purported acceleration was affirmatively, and timely, revoked.

Defendants can further prove that they are entitled to judgment on equitable grounds because Plaintiff would be unjustly enriched by the sought relief; namely, a free house, which Plaintiff has occupied without making a single payment for the last ten years.  Plaintiff has acted with unclean hands and in bad faith since defaulting on the subject loan.  Plaintiff is not legally or equitably entitled to the relief she seeks.

<u>**STATEMENT OF RELEVANT FACTS**</u>

Plaintiff acquired title to the real property located at 99 Mount Tom Road, New Rochelle, New York 10805 (the "Property") by deed dated August 29, 2005 and recorded in the Westchester County Clerk's Office on October 25, 2005 (the "Deed").  *See* ECF No. 102-1.

On April 4, 2007, Plaintiff secured a loan in the principal amount of $850,000.00 from BNC Mortgage, Inc., a Delaware Corporation ("BNC Mortgage") that was memorialized by a note (the "Note") and secured by a mortgage between Plaintiff and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BNC Mortgage on the Property (the "Mortgage") (the Note and the Mortgage collectively referred to as the "Loan").  *See* ECF No. 108-3; ECF No. 108-4.  Plaintiff took out the Loan to refinance the Property.

Plaintiff defaulted on the Loan beginning with the payment due October 1, 2009.  *See* ECF No. 108 ¶ 8.  Plaintiff has not made a single payment toward the Loan since September 2009.  *See* ECF No. 65 ¶¶ 28, 51; ECF No. 108-9; ECF No. 108-17.

The Loan was assigned from MERS, as nominee for BNC Mortgage to Defendant Citibank, as Trustee, as memorialized by the assignment of mortgage dated April 5, 2010 and recorded in the Westchester County Clerk's Office on April 16, 2010.  *See* ECF No. 108-5.

On April 8, 2010, Citibank, as Trustee commenced an action to foreclose the Mortgage in the Supreme Court of Westchester County (the "2010 Foreclosure Action").  *See* ECF No. 102-4. On June 24, 2015, Citibank, as Trustee moved to discontinue the 2010 Foreclosure Action without prejudice.  *See* ECF No. 102-7.  On December 21, 2015, the Supreme Court granted Citibank, as Trustee's motion to discontinue the 2010 Foreclosure Action without prejudice.  *See* ECF No. 102-8.  The Supreme Court's Decision & Order was entered by the Westchester County Clerk on December 23, 2015.  *See id.*  Citibank, as Trustee's counsel served the Decision & Order with notice of entry on December 28, 2015.  *See* ECF No. 109-7.  The notice of entry was filed with the Westchester County Clerk on January 4, 2016.  *See id.*

On January 8, 2016, Ocwen's records reflect that the Loan was decelerated.  *See* ECF No. 108-10.

On January 11, 2016, Ocwen sent Plaintiff a notice of default stating that Plaintiff had an opportunity to cure the default by making a payment of the past due amount by February 17, 2016.  *See* ECF No. 108-12 at 2-20.  On January 11, 2016, Ocwen also sent Plaintiff a new 90-day pre-foreclosure notice pursuant to RPAPL § 1304.  *See* ECF No. 108-12 at 22-48.  On January 12, 2016, Ocwen sent Plaintiff a letter stating that Ocwen had not received Plaintiff's mortgage payments for the months of October 2009 through January 2016.  *See* ECF No. 102-10 at 20-25.  Ocwen stated that the Loan was in default and that Ocwen might refer the Loan to foreclosure or commence the foreclosure process if a resolution was not reached.  *See* ECF No. 102-10 at 20-25.  Ocwen sent Plaintiff monthly account statements and delinquency notes in January, February and March of 2016 reflecting amounts due that were less than the total accelerated amount.  *See* ECF No. 102-11 at 2-7; ECF No. 108-11 at 6-11.

On April 11, 2016, Plaintiff commenced this action to cancel and discharge the Mortgage

pursuant to RPAPL § 1501(4).  *See* ECF No. 1.

On June 13, 2016, an assignment of mortgage was recorded on the Loan from Citibank, as Trustee to Wilmington Trust, as Successor Trustee.  *See* ECF No. 108-6.

## ARGUMENT

## POINT I

## PLAINTIFF CANNOT MEET HER BURDEN OF PROOF AT TRIAL

Plaintiff cannot satisfy her evidentiary burden at trial.  The sole claim to be tried is for judgment discharging the Mortgage pursuant to RPAPL § 1501(4).  Pursuant to the statute:

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom[.]

RPAPL § 1501(4).

Plaintiff must prove that: (1) she has an interest in the Property; (2) the Property is subject to the Mortgage; (3) the Mortgage was accelerated; and (4) the statute of limitations for the commencement of an action to foreclose the Mortgage has expired.  *See id.*  Plaintiff cannot offer admissible proof of any of these elements of her claim.

### A.    Plaintiff cannot prove that she has an interest in the Property.

Plaintiff must offer admissible evidence of a deed conveying title to the Property to her, to establish that she has an interest in the Property.  Plaintiff cannot do so.  Plaintiff stated in the Joint Pretrial Order that she intends to introduce a version of the Deed as Exhibit P27 (described obtusely as "Caneva Opp. Aff. Ex. 1").  *See* ECF No. 146 § ix.a.  A copy of the Deed is not self-authenticating or admissible.  *See id.*; Fed. R. Evid. 902(4).  Plaintiff has not identified herself,

the grantee of the Property or any other witness who could lay a proper foundation for the admission of the contents of the Deed.  *See* ECF No. 146 § vii.a.; Fed. R. Evid. 901.  Plaintiff cannot prove the first element of her burden by a preponderance of credible evidence; therefore, this claim fails.

### B.       Plaintiff cannot prove anything about the Mortgage.

Plaintiff cannot establish a *prima facie* case for discharging a mortgage pursuant to RPAPL § 1501(4) because the Mortgage has not been identified as an exhibit.  **Of the 34 exhibits that Plaintiff intends to introduce at trial, not one of them is the Mortgage.**  *See* ECF No. 146 § ix.a.  Plaintiff has also not identified herself, a defense witness, a witness from the originating mortgagee or any other witness who could lay a proper foundation for the admission of the contents of the Mortgage into evidence.  *See id.*; ECF No. 146 § vii.a.; Fed. R. Evid. 901, 902(4).

### C.       Plaintiff cannot prove that the Mortgage was accelerated.

Plaintiff cannot offer admissible proof of the date the statute of limitations to foreclose the Mortgage began to run.  In New York State, an action to foreclose a mortgage may be brought to recover unpaid sums that were due within the six-year period immediately preceding the commencement of the action.  *See* CPLR § 213(4); *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982-83 (2d Dep't 2012); *McIntosh v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 4083434, at *4 (S.D.N.Y. July 25, 2016); *Costa v. Deutsche Bank Nat'l Trust Co. for GSR Mortg. Loan Trust 2006-OA1*, 247 F. Supp. 3d 329, 339-40 (S.D.N.Y. Mar. 30, 2017).  A separate cause of action accrues for each installment that is not paid for a mortgage that is payable in installments and the statute of limitations begins to run on the date each installment comes due.  *See Burke*, 94 A.D.3d at 982.  Where the mortgagee elects to accelerate the entire debt, the entire amount

becomes due and the statute of limitations begins to run on the entire debt.  *See id.* (citing *EMC Mortg. Corp. v. Patella*, 279 A.D.2d 604, 605 (2d Dep't 2001)); *see also Lavin v. Elmakiss*, 302 A.D.2d 638, 639 (3d Dep't 2003); *Zinker v. Makler*, 298 A.D.2d 516, 517 (2d Dep't 2002).

Where, as here, the acceleration of a mortgage debt is at the option of the holder of the note and the mortgage, "some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation."  *Burke*, 94 A.D.3d at 982-83.  Notice of the mortgagee's election to accelerate the entire debt must be given to the borrower and that notice must be "clear and unequivocal."  *Id.* at 983 (internal citations omitted).  Commencement of a foreclosure action is one example of an affirmative act to accelerate a mortgage debt.  *See id.*; *In re Taylor*, 584 B.R. 590, 594-95 (Bankr. E.D.N.Y. May 4, 2018); *EMC Mortg. Corp. v. Smith*, 18 A.D.3d 602, 603 (2d Dep't 2005); *Clayton Nat'l v. Guldi*, 307 A.D.2d 982 (2d Dep't 2003).

Plaintiff alleges in the Amended Complaint that Citibank, as Trustee accelerated the Mortgage debt by filing the 2010 Foreclosure Action.  *See* ECF No. 65 ¶¶ 28, 51.  However, Plaintiff presents no admissible evidence to demonstrate the purported acceleration.  Plaintiff stated in the Joint Pretrial Order that she intends to offer documents pertaining to the 2010 Foreclosure Action as Exhibit P28 (described indirectly as "Caneva Opp. Aff. Ex 2").  *See* ECF No. 146 § ix.a.  As with the Deed, the 2010 Foreclosure Action documents, which were filed with the Westchester County Clerk, are not self-authenticating.  *See id.*; Fed. R. Evid. 902(4).  Plaintiff has not identified any witness who could authenticate the contents.  *See* ECF No. 146 § vii.a.; Fed. R. Evid. 901.  Plaintiff cannot prove that the Mortgage was accelerated.

**D.**      **Plaintiff's own lack of standing argument precludes proof of acceleration.**

Plaintiff's position at trial appears to be that Defendants purportedly lack standing to foreclose on the Mortgage, a position that actually defeats Plaintiff's quiet title claim.  *See generally* ECF No. 146; ECF No. 151.

Only the holder of a note has the authority to accelerate the mortgage debt or to sue to foreclose.  *See* Defendants' Motion *in Limine* No. 1; *Burke*, 94 A.D.3d at 983; *EMC Mortg. Corp. v. Suarez*, 49 A.D.3d 592, 593 (2d Dep't 2008).  Where the mortgage debt is purportedly accelerated by an entity that does not own the note, the purported acceleration is a nullity and the six-year statute of limitations, which ordinarily would commence running on the date of acceleration, did not begin to run on the entire debt at that time.  *See Burke*, 94 A.D.3d at 983; *Suarez*, 49 A.D.3d at 593.

Plaintiff can either claim that Defendants **did not** have standing to foreclose the Mortgage (and therefore could not have accelerated the Mortgage debt) *or* that Defendants **did** have standing to accelerate the Mortgage debt and foreclosure is now time-barred.  Plaintiff cannot, legally, argue both.  Nonetheless, that appears to be Plaintiff's position.  *See generally* ECF No. 146; ECF No. 151.

Accordingly, applying Plaintiff's own argument, if Defendants had no standing to foreclose on the Mortgage, then Defendants could not have accelerated the debt and the statute of limitations did not run.  *See generally* ECF No. 146; ECF No. 151; *see also Burke*, 94 A.D.3d at 983; *Suarez*, 49 A.D.3d at 593.

**E.**      **Plaintiff cannot prove that the statute of limitations to foreclose the Mortgage has expired.**

Plaintiff cannot prove the statute of limitations expired, because she cannot prove the statute of limitations began to run.  Plaintiff cannot prove that a valid acceleration of the

Mortgage debt occurred because she proposes no admissible evidence on this issue.  In addition, Plaintiff's own claim that Defendants never had the right to enforce the Mortgage defeats her own statute of limitations argument as a matter of law.  *See* Point I.D., *supra*.  Neither scenario lays the foundation for proof that the statute of limitations to foreclose the Mortgage has expired.

## POINT II

### DEFENDANTS WILL PROVE THAT THEY TIMELY AND AFFIRMATIVELY REVOKED ANY ELECTION TO ACCELERATE THE MORTGAGE DEBT

Plaintiff cannot establish a *prima facie* case that the Mortgage should be discharged pursuant to RPAPL § 1501(4).  *See* Point I, *supra*.  If necessary, Defendants will offer admissible evidence that any election to accelerate the Mortgage debt was timely and affirmatively revoked, defeating Plaintiff's claim to quiet title relief.

Once a mortgage debt is accelerated and the statute of limitations begins to run, "[a] lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action."  *NMNT Realty Corp. v. Knoxville 2012 Trust*, 151 A.D.3d 1068, 1069-70 (2d Dep't 2017) (citing *Patella*, 279 A.D.2d at 606).  At the bench ruling held on May 23, 2019, Your Honor held that "[w]hether a voluntary discontinuance of a foreclosure action constitutes a de-acceleration of a loan is a question of fact."  Bench Ruling Tr. 19:6-9, May 23, 2019 (citations omitted).  Defendants will offer an abundance of admissible evidence that will prove that they "'intended to forgive the default and revoke [their] acceleration[.]'"  *U.S. Bank Trust, N.A., as Tr. for LSF9 Master Participation Trust v. Adhami*, 2019 WL 486086, at *6 (E.D.N.Y. Feb. 6, 2019) (quotation omitted).

Defendants will prove that they timely discontinued the 2010 Foreclosure Action within six years after the commencement of the action by introducing admissible evidence including the

filed motion to discontinue the action (Defendants' Exhibit D1), the Decision & Order granting the motion (D2) and the notice of entry of the Decision & Order (D3). *See* ECF No. 146 § ix.b.; Fed. R. Evid. 902(4). The motion to discontinue was made on June 24, 2015, the Decision & Order granting the motion to discontinue was made on December 21, 2015 and entered by the Westchester County Clerk on December 23, 2015, and notice of entry of the Decision & Order was served on all parties to the 2010 Foreclosure Action on December 28, 2015 and filed with the Westchester County Clerk on January 4, 2016. *See* ECF No. 102-7; ECF No. 102-8; ECF No. 109-7. The foregoing evidence reveals that the 2010 Foreclosure Action was discontinued within six years after Plaintiff alleges the Mortgage debt was accelerated on April 8, 2010. *See* ECF No. 65 ¶¶ 28, 51.

Defendants will further prove that the discontinuance of the 2010 Foreclosure Action evidenced an intent to forgive the default and revoke the acceleration by introducing copies of the servicing notes reflecting loan deceleration (D4) and the myriad account statements, notices and other correspondence (D5 – D13) that Ocwen sent to Plaintiff after the discontinuance and before April 8, 2016, when the alleged statute of limitations to foreclose the Mortgage expired. *See* ECF No. 146 § ix.b. All of those documents show that the Mortgage debt was decelerated and Defendants intended only to collect past due amounts.

## POINT III

### DEFENDANTS WILL PROVE THAT THEY ARE ENTITLED TO JUDGMENT AS A MATTER OF EQUITY

Defendants are equitably entitled to judgment dismissing Plaintiff's quiet title claim. By her own admission, Plaintiff has not made any payments toward the Mortgage since 2009. *See* ECF No. 65 ¶¶ 54, 57. She now seeks judgment discharging her $850,000 Mortgage. Discharging the Mortgage, however, would unjustly enrich Plaintiff by giving her a free home.

The doctrine of unjust enrichment "is rooted in 'the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.'" *Campione v. Campione*, 942 F. Supp. 2d 279, 283 (E.D.N.Y. Apr. 20, 2013) (quotation omitted).

Plaintiff should not be permitted to receive the benefit of an $850,000.00 loan without having to pay it back along with free and clear title to her home just because of fluid and evolving judicial interpretations of the concept of loan deceleration that tend to place a greater burden on lenders at this moment. Defendants will introduce copies of the loan transaction history (D14) as well as updated payoff and reinstatement quotes (D21 and D22, respectively) to confirm that Plaintiff has not made a single payment toward the Mortgage in ten years and to demonstrate that the total debt owed on the Mortgage is substantially greater than the original principal balance of $850,000.00. *See* ECF No. 146 § ix.b. Defendants loaned Plaintiff a substantial sum of money so that she could refinance her home. Of the $850,000.00 that Plaintiff received at closing, Plaintiff was able to pay off a prior mortgage ($685,220.46), a personal debt of almost $10,000.00 and Plaintiff received a lump sum payment of almost $112,000.00 cash. Plaintiff repaid a very small portion of the loan and withheld the remainder of payment on highly suspect grounds. Plaintiff should not be permitted to erase Defendants' interest in the Property, which is now worth almost $600,000.00, and keep the unearned equity.

Defendants are further entitled to judgment on equitable grounds since Plaintiff has acted with unclean hands and in bad faith since she defaulted on the loan. Not only did Plaintiff fail to make payments toward the Mortgage, she repeatedly rejected Defendants' sincere and reasonable efforts to modify the loan. Defendants intend to offer copies of various loan modification offers and related correspondence dating back to 2012 (D15 – D20) that demonstrate that Defendants were willing, many times, to significantly reduce the total debt secured by the Mortgage in a

good faith effort to achieve a performing loan.  *See* ECF No. 146 § ix.b.  The evidence will further reveal that Plaintiff rejected, if not balked at, each and every offer.  Plaintiff responded to Defendants' good will with obstinacy and an unwillingness to cooperate or even engage.  Her recalcitrance should not be rewarded with the windfall of a free home.

Defendants' exhibits and testimony will prove that Defendants alone occupy the equitable high ground.

## CONCLUSION

For the foregoing reasons, the Court should order judgment for Defendants.

Dated: New York, New York
       August 26, 2019

                **HOUSER & ALLISON, APC**

                /s/ Kathleen M. Massimo
                Kathleen M. Massimo, Esq.
                *Attorneys for Defendants*
                WILMINGTON TRUST NATIONAL
                ASSOCIATION, AS SUCCESSOR
                TRUSTEE TO CITIBANK, N.A. AS
                TRUSTEE FOR BNC MORTGAGE
                LOAN TRUST SERIES 2007-3,
                CITIBANK, N.A. AS TRUSTEE FOR
                BNC MORTGAGE LOAN TRUST 2007-3,
                MORTGAGE PASS-THROUGH
                CERTIFICATES, SERIES 2007-3 and
                OCWEN LOAN SERVICING, LLC
                60 East 42nd Street, Suite 1148
                New York, New York 10165
                (212) 490-3333